RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0283p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────────────

DELAWRENCE KING,

        *Petitioner-Appellant,*

    *v.*

DONALD MORGAN, Warden,

        *Respondent-Appellee.*

No. 13-4189

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:12-cv-02000—Patricia A. Gaughan, District Judge.

Argued: October 6, 2015

Decided and Filed: December 1, 2015

Before: BOGGS, SUTTON, and WHITE, Circuit Judges.

─────────────────────

#### COUNSEL

─────────────────────

**ARGUED:** Erin E. Murphy, BANCROFT PLLC, Washington, D.C., for Appellant. M. Scott Criss, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Erin E. Murphy, Paul D. Clement, Raymond P. Tolentino, BANCROFT PLLC, Washington, D.C., for Appellant. Gregory T. Hartke, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

─────────────────────

#### OPINION

─────────────────────

SUTTON, Circuit Judge. The Anti-Terrorism and Effective Death Penalty Act does not take kindly to repeat requests for habeas relief. It mandates that, if an inmate has already lost one such request, he may not file a "second or successive" petition without satisfying several

1

stringent requirements. What happens, however, if the inmate wins a state-court collateral challenge, obtaining some relief (*e.g.*, a new trial or a new sentence) but not a release from custody? Does the "second or successive" rule apply to federal habeas challenges to the new state-court judgment? In one setting, the answer is easy. If the inmate challenges a new feature of the proceeding that ended with a second conviction and sentence, the petition is not "second or successive." It is a new challenge to a new error. Application of the rule becomes more complicated if the second petition challenges the inmate's custody on grounds that could have been raised in his first petition. In that setting, may the claimant challenge a new *sentence* on grounds that could have been raised in the first petition? And, after a new sentence is issued, may the claimant do the same with an unchanged and reinstated *conviction*?

*Magwood v. Patterson* answered the first question. 561 U.S. 320 (2010). It held that a petition challenging a new *sentence* imposed after a full resentencing and leading to a new judgment does not count as second or successive—even if the claimant previously filed petitions that challenged the original sentence and even if he raised or could have raised the same claims in those earlier petitions. We answer the second question today, holding that a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed *conviction* without triggering the "second or successive" requirements.

I.

In 2004, an Ohio jury found DeLawrence King guilty of two counts of murder and one count of felonious assault, with a firearm specification on each count. *State v. King*, No. 04CA008577, 2005 WL 1962967, at *1 (Ohio Ct. App. Aug. 17, 2005). The state court sentenced King to fifteen years to life on each of the murder counts, three years on the assault count, and three years on each of the firearm specifications. The court merged the firearm specifications and directed the sentences on the two murder convictions to be served concurrently but consecutively as to the other two sentences. The resulting sentence totaled twenty-one years to life. The convictions and sentence were affirmed on direct appeal. *Id.* at *10, *appeal denied*, 840 N.E.2d 205 (Ohio 2005) (mem.).

In 2006, King filed a habeas petition in federal court. The district court denied relief, and we denied a certificate of appealability. In 2009, King asked the state trial court to vacate his

sentence because it failed to include mandatory post-release control. *See State v. Singleton*, 920 N.E.2d 958, 964 (Ohio 2009). The court complied and resentenced King. But the court's action did not lead to the hoped-for result. The new sentence totaled thirty-three years to life, mainly because the court imposed consecutive sentences on the murder counts after previously imposing concurrent sentences on them. The court entered a new "Judgment Entry of Conviction and Sentence," reinstating the underlying convictions and imposing the new sentence. R. 4-10 at 2.

After further challenges in state court failed, King filed another federal habeas petition. This one raised seven claims. The district court rejected the two claims stemming from the new sentence, one as procedurally defaulted, the other as raising a non-cognizable state law challenge. We denied a certificate of appealability on those claims and have no need to address them further. *See* 28 U.S.C. § 2253(c)(1), (3). The other five claims attacked the original convictions. The district court held that those claims were second or successive and dismissed them. *See id*. § 2244(b). We granted a certificate of appealability to determine if the five challenges to King's conviction should be considered second or successive claims. *King v. Morgan*, No. 13-4189 (6th Cir. Oct. 14, 2014) (unpublished order). At that point, we appointed Erin Murphy to represent King, and we are grateful for her service in doing so.

II.

AEDPA limits a prisoner's right to file a "second or successive" habeas petition in federal court. If the inmate is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), as King is, a federal court of appeals may "authoriz[e] the district court to consider a second or successive application" only with respect to claims "not presented in a prior application" *and* not previously available because they rest on new law ("a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable") or new facts ("the factual predicate for the claim could not have been discovered previously through the exercise of due diligence . . . [and] would be sufficient to establish . . . that, but for constitutional error, no reasonable factfinder would have found the applicant guilty"). *Id.* § 2244(b). The same strictures apply to prisoners in federal custody. *See id.* § 2255(h).

The words "second or successive" are not hard to grasp by themselves. What is difficult is distinguishing first from second petitions when the claimant obtains relief between the two petitions. *Magwood v. Patterson*, 561 U.S. 320 (2010), fills in some of the gap by focusing on whether the inmate challenges an intervening judgment. In the Court's words: "[W]here . . . there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42 (quotation omitted). Because petitions seek the "*invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement*," *Magwood* tells us, no part of the petition counts as second or successive as long as it is the first to challenge the new judgment. *Id.* at 332. That means that, if an initial federal habeas petition (or state-court collateral challenge) leads to an amended judgment, the first petition that *follows* the entry of the new judgment is not second or successive, even if it raises claims that the inmate could have raised in the first petition. *Id.* at 328–29, 331.

*Magwood*'s judgment-based approach takes us a good way down the road of resolving today's question. King's petition, like Magwood's, is the first to challenge a new judgment. The wrinkle is that the petition in *Magwood* limited its claims to the *sentence* entered after resentencing. *See id.* at 342. That leaves today's question: Does the "second or successive" count begin anew if the new petition challenges the original, undisturbed *conviction*?

Yes, the count begins anew for several reasons.

*Magwood*'s reasoning as an initial matter favors this approach. "Because Magwood's habeas application challenges a new judgment for the first time," the Court explained, that "intervening" development resets the application count and prevents it from being "second or successive." *Id.* at 323–24, 339. This judgment-based reasoning naturally applies to all new judgments, whether they capture new sentences or new convictions or merely reinstate one or the other.

Strengthening that inference is the reality that *Magwood* could have adopted a claims-based approach to the problem before it. The Court could have applied the second-petition rule on a claim-by-claim basis, "separat[ing]" the claims within a petition and deeming some successive and others not. *See id.* at 329, 331. But it declined. It reasoned that such an

approach would not respect the language of the statute and thus would "elide the difference between an 'application' and a 'claim,'" a distinction that the statute makes important because "AEDPA uses the phrase 'second or successive' to modify 'application.'" *Id.* at 334 (quotation omitted). The same reasoning applies to convictions.

As a matter of custom and usage, moreover, a judgment in a criminal case "includes both the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. 129, 132 (1993); *see also Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (the federal habeas statute "speaks of one 'judgment[]'"); Fed. R. Crim. P. 32(k)(1); Ohio R. Crim. P. 32(C). Even when the only change in the state-court proceeding relates to the sentence, the new judgment will reinstate the conviction and the modified sentence. If "the existence of a new judgment is dispositive" in resetting the "second or successive" count, *Magwood*, 561 U.S. at 338, and if the count applies to petitions, not claims, *id.* at 334–35, the existence of a new judgment permits a new application to attack the sentence, the conviction, or both.

A few practical considerations support this approach as well. Some claims within a habeas application, it turns out, will apply to the underlying conviction *and* the new sentence. What then? Would the second-petition rule apply to one claim but not the other? That would make little sense and would be difficult to implement as well. Nor is this possibility merely theoretical. If the same judge presided over the original conviction and handled the resentencing, any challenge to the judge as adjudicator (*e.g.*, for bias) would cover both proceedings. If the trial jury found facts applicable to the conviction and sentence, *see, e.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any challenge to the jury as adjudicator (*e.g.*, voir dire problems, a *Batson* challenge, juror misconduct, consideration of improper evidence) would cover both. And if the government withheld exculpatory evidence until after the resentencing, a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), could apply to both. *Cf., e.g.*, *Blanco v. Sec'y, Fla. Dep't of Corr.*, 688 F.3d 1211, 1221 & n.37, 1240 (11th Cir. 2012) (raising a *Brady* claim relevant to an earlier trial and a later resentencing).

Even when courts could separate claims related to the conviction from those related to the new sentencing, that effort would require district courts to transfer the conviction claims to the court of appeals for pre-authorization as second or successive while holding onto the sentencing

claims. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Making that task more complicated is the reality that many habeas petitioners are not represented (and, even when represented, are not always well represented). Figuring out whether a claim relates to a conviction, sentence, or both may be no easy feat for the litigants, to say nothing of the courts, clerk's offices, and staff attorneys that must review these filings. If habeas petitions made up a small part of each court's docket, any such complication could be overlooked. But that is hardly the world in which we live.

A contrary approach also would shortchange some prisoners whose incentives to challenge a conviction may differ after being resentenced. Suppose a defendant is convicted on two counts, and just one of them involves a constitutional error. If the defendant receives five-year *concurrent* sentences on both convictions, his incentives to challenge the defective conviction in his first habeas application is low; success on that challenge alone will not change his time in jail. If resentencing makes those five-year sentences *consecutive*, however, his incentives change considerably, because success now decreases his sentence by half. Someone in King's position could indeed face this precise problem. He may have every reason to focus on the sentencing issues in his first petition (when facing concurrent murder sentences), while he has every reason in his second petition to focus on each murder conviction (when facing consecutive sentences on them). *Magwood*'s judgment-based rule ensures that a *court's* choice to reenter a different judgment does not leave a petitioner unable to raise a now-more-critical challenge free from the "second or successive" limits.

Our approach also lines up with nearly every court of appeals. Since *Magwood*, every circuit but one has agreed that a new judgment after a resentencing permits the inmate to challenge the original conviction without clearing the second-or-successive hurdles. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010); *In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (per curiam); *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam). The one circuit to take a different approach did so based on on-point, pre-*Magwood* circuit precedent, *see Suggs v. United States*, 705 F.3d 279, 284–85 (7th Cir. 2013), and even that did not satisfy one member of the panel, *see id.* at 285–89 (Sykes, J., dissenting).

The State responds that this approach cannot be reconciled with the "animating" purpose of AEDPA: to cut back on successive habeas challenges. Appellee's Br. 38. True, AEDPA "codifies some of the pre-existing limits on successive petitions" and adds "new restrictions on" those petitions that "further restrict[] the availability of relief to habeas petitioners." *Felker v. Turpin*, 518 U.S. 651, 664 (1996). True also, pre-AEDPA caselaw may have barred King's claim. Because he could have brought the same challenges to his undisturbed conviction in his first petition and (with one exception) did not, there is a chance that his petition would have been barred by the pre-AEDPA "abuse of the writ" doctrine. *See McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991). But neither point necessarily leads to the conclusion the State advances.

The purpose of a statute may not so "animate"—so enliven—its text that the words are given a meaning they cannot bear. The text of AEDPA, as *Magwood* explains, focuses on the inmate's "application," not claims, and the state court's "judgments," not sentences or convictions. 561 U.S. at 332–33. However moving the spirit of a law may be, however much Congress may have wished to cut back on habeas claims, that purpose may not substitute for the letter of what Congress enacted when those words speak to the issue at hand.

The same animating-purpose argument, moreover, could have been made in *Magwood*, and indeed it was. *See* 561 U.S. at 344–48, 356 (Kennedy, J., dissenting). Yet the Court ruled for the inmate all the same. It noted that pre-AEDPA decisions had not settled whether "abuse-of-the-writ rules . . . apply at all to an application challenging a new judgment." *Id.* at 336 (majority opinion). The Court also noted it could not "replace the actual text [of AEDPA] with speculation as to Congress' intent." *Id.* at 334.

It is not clear at any rate what the net effect of our decision will be on habeas practice in this circuit. Yes, if a new judgment resets the "second or successive" count with respect to all claims, that may allow more habeas petitions than would have been the case under the State's approach. And, yes, many tools for addressing repeat claims may not be available in this setting: (1) The entry of a new judgment normally resets the statute-of-limitations clock, 28 U.S.C. § 2244(d)(1)(A); *Rashad*, 675 F.3d at 567–68; (2) res judicata generally does not apply to habeas challenges even when a petitioner raises the same claim after resentencing as he had in an earlier petition, *see Felker*, 518 U.S. at 664; *McCleskey*, 499 U.S. at 480–81; and (3) the law-of-the-case

doctrine likely would not apply due to the intervening judgment, *cf. Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc). But other obstacles remain. All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim. And if the federal courts previously addressed the merits of the claim, that likely will not be difficult to sort out. "It will not take . . . long to dispose of such claims where the court has already analyzed the legal issues." *Magwood*, 561 U.S. at 340 n.15. It thus is fair to say, as *Magwood* has said, that any concern that our decision will set off a flood of "abusive claims" is "greatly exaggerated." *Id.* at 340.

The State raises one other point. Because *Magwood* left the precise question in this case open, *id.* at 342, the State maintains that we should follow pre-*Magwood* circuit precedent that (it maintains) makes King's challenges to his convictions second or successive. But no such binding precedents exist. The State points to two unpublished orders and *Lang v. United States*, 474 F.3d 348 (6th Cir. 2007). The unpublished orders bind only the parties to those cases, not future parties and future claims. And *Lang* helps King. It held that claims that originate at a resentencing *cannot* be second or successive. *Id.* at 353. *Magwood*, it is true, noted that *Lang* "cit[ed] [pre-*Magwood*] decisions" that supported the State's interpretation, but that is all *Lang* did and indeed it cited decisions *from other courts* in doing so. *Magwood*, 561 U.S. at 342 n.16; *see Lang*, 474 F.3d at 351–52.

For these reasons, we reverse the determination that King's conviction-related claims are "second or successive" and remand the petition for further proceedings.