NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0364n.06

No. 15-5356

**FILED**
Jun 23, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WILLIAM G. ALLEN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BRUCE WESTBROOKS, Warden, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH, MCKEAGUE, and WHITE, Circuit Judges.**

**PER CURIAM.** Petitioner-Appellant William Allen, an African American, was convicted of murder in 1968 by a Davidson County, Tennessee, jury and was sentenced to 99 years in prison. He has consistently argued—from a pre-trial plea in abatement to direct appeal, and through numerous rounds of state post-conviction and federal habeas proceedings—that African Americans had been systemically excluded from grand-jury service in Davidson County at the time he was indicted. After a resentencing in 2007, Allen again sought federal habeas relief, challenging his new sentence and renewing his challenge to the grand-jury selection method. The district court rejected his sentence-based challenge on the merits and determined that his grand-jury-discrimination claim requires authorization from this court as a "second or successive" petition.[1] We initially denied a certificate of appealability (COA) as to

---

[1] 28 U.S.C. § 2244(b) provides:

the grand-jury-discrimination claim, but granted rehearing and issued a COA after our decision in *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). Because the district court erroneously characterized Allen's grand-jury-discrimination claim, we **REMAND** for further proceedings.

# I

The last reasoned state-court opinion on the merits of the grand-jury-discrimination claim is a 1973 decision of the Tennessee Court of Criminal Appeals affirming the state trial court's denial of post-conviction relief after an evidentiary hearing, holding that African Americans had not been systematically excluded from grand-jury service during the relevant time.[2] *Allen v. Tennessee* (Tenn. Crim. App. Feb. 1, 1973) (1973 TCCA Opinion). Allen then raised the grand-jury-discrimination claim in federal habeas proceedings. The district court dismissed Allen's petition, holding that he "failed to establish . . . purposeful discrimination in the selection of the Grand Jury which indicted [him]."[3] This court affirmed in an unpublished opinion, holding that the district court's finding that there was no purposeful discrimination in the selection of the

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . . .

[2] Allen contends that this exclusion stemmed from the use of the "key man" system to select grand juries. Under this system trial judges personally selected grand jurors. Between September 1958 and Allen's indictment in March 1967, Davidson County grand juries had a significantly lower proportion of African Americans than their proportion of the county's population. The 1973 TCCA Opinion is available at R. 32-2, at 92, Case No. 3:12-cv-00242 (M.D. Tenn.).

[3] The order, dated September 24, 1973, is available at R. 41-26, at 11, Case No. 3:12-cv-00242 (M.D. Tenn.) (citing *Swain v. Alabama*, 380 U.S. 202 (1965)).

grand jury that indicted Allen was supported by substantial evidence and thus was not clearly erroneous. *Allen v. Rose*, No. 73-2215, at *3–4 (6th Cir. Apr. 30, 1974).[4] These proceedings all occurred prior to the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) and the present 28 U.S.C. § 2254(d) framework.

In 2007, Allen again pursued post-conviction relief in state court, seeking resentencing and reasserting his grand-jury-discrimination claim. He was granted resentencing and was resentenced to life imprisonment, but the state trial[5] and criminal-appeals courts determined that the grand-jury-discrimination claim had been "previously determined" and thus could not be the subject of a new petition. *Allen v. State*, 2011 WL 1601587, at *9 (Tenn. Crim. App. Apr. 25, 2011). After exhausting state post-conviction proceedings, Allen brought the instant petition for habeas relief, raising a claim related to his resentencing and again asserting the grand-jury-discrimination claim. The district court determined that under the Supreme Court's holding in *Magwood v. Patterson,* 561 U.S. 320 (2010), Allen's petition was not "second or successive" with respect to the sentencing claim; the court addressed this claim on the merits and denied relief. The district court did not, however, address the grand-jury-discrimination claim, other than to state that the claim is "second or successive" because it was already heard on the merits in the 1973/1974 federal habeas proceedings,[6] and thus requires this court's authorization to proceed.

After additional procedural history not recounted here, Allen applied for a COA. This court denied the application, and Allen petitioned for rehearing. While the petition for rehearing

---

[4] The opinion is available at R. 41-30, at 2, Case No. 3:12-cv-00242 (M.D. Tenn.).

[5] The trial-court order is available at R. 42-9, at 7–8, Case No. 3:12-cv-00242 (M.D. Tenn.).

[6] In addition to the instant habeas petition and the 1973/1974 petition, Allen filed federal habeas petitions in 1971 and 1993, which were dismissed for lack of exhaustion of state post-conviction remedies.

was pending, this court decided *King*, *supra*, holding that a habeas petition that challenges a new judgment entered as a result of a resentencing is not second or successive, even if the new judgment leaves the underlying conviction undisturbed and the issues in the petition relate to that underlying judgment. Concluding that the grand-jury-discrimination claim "merits a rehearing certificate of appealability in light of this court's intervening decision in *King v. Morgan*," we granted rehearing and a COA as to this one claim. *See* Order, Case No. 15-5356, R. 16-1 (6th Cir. Feb. 8, 2016).

Our COA order is ambiguous regarding whether the issue before us is 1) whether the district court properly deemed Allen's petition second or successive relative to the grand-jury-discrimination claim and correctly required this court's permission to proceed, or 2) a merits review of the underlying claim, including the standards to be applied in addressing it—questions the district court never reached because it believed the petition to be second or successive. Due perhaps to the COA's ambiguity, the merits review was not fully briefed by the parties.[7] Given the state of the case and briefing, we must follow the "general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). What is clear is that our decision in *King* controls and Allen's petition is not second or successive. The grand-jury-discrimination claim was thus properly before the district court. *See King*, 807 F.3d at 154.

---

[7] On the merits, Allen provides an analysis under 28 U.S.C. § 2254(d)(1), but mostly relies on *Jefferson v. Morgan*, 962 F.2d 1185 (6th Cir. 1992). *Jefferson* is a published decision of this court affirming the grant of habeas relief based on grand-jury discrimination in Davidson County, Tennessee, decided nearly eighteen years after this court rejected Allen's claim challenging the same selection practice in the same county. The Warden does not address the application of *Jefferson* beyond relying on the abuse-of-the-writ bar, nor does he provide analysis of the 1973 TCCA Opinion.

**II**

In *King*, we held that the entry of a new judgment resets the "second or successive" count so that the first habeas petition challenging a new judgment is not second or successive, even when it challenges the bases for an undisturbed conviction. The Warden acknowledges as much, but argues that the pre-AEDPA abuse-of-the-writ doctrine nevertheless applies and bars Allen's grand-jury-discrimination claim because it was previously determined on the merits. In reply, Allen contends that § 2244(b) codifies and modifies the abuse-of-the-writ doctrine and thus the abuse analysis should end because his petition is not "second or successive." *Cf. Magwood v. Patterson*, 561 U.S. 320, 337 (2010) ("The dissent . . . errs by interpreting the phrase 'second or successive' by reference to our longstanding doctrine governing abuse of the writ. AEDPA *modifies* those abuse-of-the-writ principles and creates new statutory rules under § 2244(b). These rules apply only to 'second or successive' applications.") (Thomas, J., writing for himself and Justice Scalia) (emphasis added).

In *King*, the state argued that extending *Magwood* to permit post-resentencing habeas claims challenging the petitioner's undisturbed conviction, rather than the newly imposed sentence—claims that likely would have been barred under pre-AEDPA abuse-of-the-writ case law—would conflict with AEDPA's animating purpose to cut back on successive habeas petitions. We replied that the animating purpose could not trump the statute's focus on "judgments," not "claims," "sentences" or "convictions." We acknowledged that,

> It is not clear at any rate what the net effect of our decision will be on habeas practice in this circuit. Yes, if a new judgment resets the "second or successive" count with respect to all claims, that may allow more habeas petitions than would have been the case under the State's approach. And, yes, many tools for addressing repeat claims may not be available in this setting: (1) The entry of a new judgment normally resets the statute-of-limitations clock, 28 U.S.C. § 2244(d)(1)(A); *Rashad*, 675 F.3d at 567–68; (2) res judicata generally does not apply to habeas challenges even when a petitioner raises the same claim after

resentencing as he had in an earlier petition, *see Felker*, 518 U.S. at 664, 116 S.Ct. 2333; *McCleskey*, 499 U.S. at 480–81, 111 S.Ct. 1454; and (3) the law-of-the-case doctrine likely would not apply due to the intervening judgment, *cf. Rosales–Garcia v. Holland,* 322 F.3d 386, 398 n. 11 (6th Cir. 2003) (en banc).[8]

We went on to explain,

> But other obstacles remain. All habeas petitioners, including King on remand, must show that they did not procedurally default each claim and that they exhausted each claim. And if the federal courts previously addressed the merits of the claim, that likely will not be difficult to sort out. "It will not take ... long to dispose of such claims where the court has already analyzed the legal issues." *Magwood*, 561 U.S. at 340 n. 15, 130 S.Ct. 2788. It thus is fair to say, as *Magwood* has said, that any concern that our decision will set off a flood of "abusive claims" is "greatly exaggerated." *Id.* at 340, 130 S.Ct. 2788.[9]

Post-*King*, we again observed, in *In re Stansell*, 828 F.3d 412, 419 (6th Cir. 2016), that although AEDPA generally raised the bar petitioners must clear to make successive collateral attacks, in some circumstances (like King's and now Allen's) petitions that might have been treated as abuses of the writ before AEDPA now face a lower bar to reach merits review.[10] To hold, as the Warden argues, that AEDPA places *King* claims at our threshold only for us to apply pre-AEDPA law and label them abusive, thus closing the door that AEDPA left open, would be at odds with the statute.[11]

For the foregoing reasons, we reverse the determination that Allen's grand-jury-discrimination claim is "second or successive," requiring authorization by this court, and reject

---

[8] *King*, 807 F.3d at 159–60.

[9] *Id.* at 160.

[10] In *Stansell* we observed that "[w]hile the statute might have made it more difficult across the board for applicants to file successive petitions, that does not mean that every petition barred as an abuse of the writ must also be barred by the new requirements. The statute might have lowered the barrier for a few applicants (those challenging new judgments) and raised it for many others (those challenging old ones), resulting in fewer successive applications overall. That is the conclusion to which the statute's text leads, and that is the conclusion the Supreme Court reached in *Magwood*." 828 F.3d at 419. Applying that reasoning here, § 2244(b)(1)'s bar on claims that were presented in a prior application applies to second and successive applications, which Allen's is not.

[11] *Cf. Magwood*, 561 U.S. at 338 ("In light of this complex history of the phrase 'second or successive,' we must rely upon [AEDPA's] text to determine when the phrase applies, rather than pre-AEDPA precedents or superseded statutory formulations.") (Thomas, J., writing for himself and Justice Scalia).

the argument that the claim must be dismissed as an abuse of the writ.[12]  The parties shall address all other issues to the district court.  We **REMAND** for further proceedings.

---

[12] We decide today only that the abuse-of-the-writ doctrine did not permit the district court to dismiss this case as second or successive and thus requiring authorization from this court to proceed.  We express no view on the district court's ability to consider the history and prior rulings in the case on remand.  *Compare Colon v. Sheahan,* No. 13-CIV-6744, 2016 WL 3919643, at *10 (S.D.N.Y. Jan. 13, 2016), report and recommendation adopted, No. 13-cv-6744, 2016 WL 3926443 (S.D.N.Y. July 14, 2016) (reading *Magwood*'s dicta that it will "not take long" to dispose of claims "where the court has already analyzed the legal issues" to allow for the summary dismissal of previously adjudicated habeas claims under abuse-of-the-writ principles) *with Smalls v. Lee*, No. 12-CV-2083, 2016 WL 5334986, at *9 (S.D.N.Y. Sept. 22, 2016) (expressing uncertainty as to whether *Magwood*'s dicta "empowers district courts to summarily dismiss [previously adjudicated] habeas claims properly raised a second time without undertaking an independent examination of the merits.").