**[Cite as *State v. Florence*, 2021-Ohio-867.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28674 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-810 |
| | : | |
| LAMAR D. FLORENCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 19th day of March, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LAMAR D. FLORENCE, Inmate No. A467-506, Allen-Oakwood Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Lamar D. Florence, appeals pro se from the trial court's amended judgment entry of conviction, which was filed after a resentencing hearing. Florence originally filed a pro se notice of appeal, and we then appointed counsel to represent him. However, counsel later filed a motion to withdraw based on Florence's request to be allowed to proceed pro se. We granted counsel's request to withdraw, and Florence thereafter proceeded pro se. *See* Decision & Entry (Oct. 22, 2020).

{¶ 2} In support of his appeal, Florence has presented five assignments of error relating to errors allegedly committed during his 2004 criminal trial. These errors include: the trial court's failure to evaluate Florence's sanity at the time of the crime; a due process violation based on the court's failure to merge counts related to allied offenses; a due process violation involving the court's failure to merge the aggravated murder and murder convictions; the lack of sufficient evidence supporting Florence's convictions; and trial counsel's ineffective assistance in failing to request a mistrial based on introduction of perjured testimony.

{¶ 3} We conclude that Florence's claims are all barred by res judicata because he could have raised them during his direct appeal from his 2004 convictions. Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 4} This appeal is the latest in a string of appeals related to Florence's convictions for the March 6, 2003 murder of Steven Mayberry. Our most recent opinion, filed in October 2019, outlined the factual background of the case and the appeals:

On March 20, 2004, a jury found Florence guilty of aggravated

murder, kidnapping, murder, having weapons while under disability, and four attendant firearm specifications. As a result of his convictions, the trial court sentenced Florence to life in prison for aggravated murder, five years in prison for kidnapping, and fifteen years to life in prison for murder, all to be served concurrently. The trial court also imposed a three-year prison term for having weapons while under disability and ordered that sentence to be served consecutively to the sentences imposed for his other offenses. The trial court further sentenced Florence to three years in prison for the four firearm specifications, which the trial court merged into one specification at sentencing. The trial court additionally ordered the three-year sentence for the merged firearm specifications to run prior and consecutive to all the other sentences imposed.

After he was sentenced, Florence filed a timely appeal from his conviction, which we affirmed in *State v. Florence*, 2d Dist. Montgomery No. 20439, 2005-Ohio-4508 ("*Florence I*"). Approximately 11 years after we affirmed Florence's conviction, Florence filed a pro se motion to vacate his sentence. In support of that motion, Florence argued that the trial court had failed to notify him of his post-release control obligation at sentencing. The trial court overruled Florence's motion on the basis of res judicata. Florence then appealed from that order.

On appeal, this court found, and the State conceded, that the trial court had failed to notify Florence of his post-release control obligation at sentencing. *State v. Florence*, 2d Dist. Montgomery No. 27478, 2018-

Ohio-421, ¶ 7 ("*Florence II*"). The State also conceded, and we agreed, that a defect in the imposition of post-release control may be raised at any time, thus making the doctrine of res judicata inapplicable. *Id.* at ¶ 8. Because the failure to impose post-release control as part of a defendant's sentence renders that part of the sentence void, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26, we remanded the matter to the trial court for the limited purpose of resentencing Florence to the appropriate term of post-release control. *Florence II* at ¶ 9-10, 14. Given that Florence's kidnapping and having weapons while under disability offenses were the only offenses that carried a post-release control obligation, * * * and given that Florence had already completed his sentence for kidnapping, * * * we ordered Florence to be resentenced to the appropriate term of post-release control for having weapons while under disability. *Id.* at ¶ 10.

On March 7, 2018, the trial court held a resentencing hearing pursuant to our directive in *Florence II*. At this hearing, the trial court advised Florence that, upon completing his prison sentence for having weapons while under disability, he "may be placed on a period of three years of post[-]release control supervision" for that offense. Resentencing Hearing Trans. (Mar. 7, 2018), p. 3. The trial court also advised Florence that all other aspects of his sentence previously imposed remained in full force and effect.

On March 9, 2018, the trial court issued an amended sentencing

entry to reflect Florence's resentencing. The amended sentencing entry stated that Florence "MAY, if the Parole Board determines that a period of Post[-]Release Control is necessary for the defendant, be supervised by the Parole Board for a period of THREE (3) years Post-Release Control after the defendant's release from imprisonment."

Following his resentencing and the trial court's amendments to the sentencing entry, Florence appealed from the trial court's resentencing judgment. Florence's appellate counsel then filed an *Anders* brief suggesting two potential assignments of error, one of which was that the trial court may have erred when resentencing Florence to the discretionary-three-year term of post-release control. Upon review, we found that this potential assignment of error had arguable merit for appeal, rejected the *Anders* brief, and appointed new appellate counsel to represent Florence. Florence's new appellate counsel then filed a merit brief raising a single assignment of error that framed the post-release control argument for this court's review.

(Footnotes omitted.) *State v. Florence*, 2d Dist. Montgomery No. 28075, 2019-Ohio-4365, ¶ 3-8 (*Florence III*).

{¶ 5} In *Florence III*, the State again conceded error, and we agreed that the trial court erred in advising Florence "at the resentencing hearing and in the amended sentencing entry that he was subject to a discretionary term of post-release control for 'a period of three years' " when the "court should have imposed a discretionary term of post-release control for a period of 'up to three years' as required by R.C. 2967.28(C)." *Id.* at

¶ 9.  We therefore remanded the case for another resentencing hearing.

{¶ 6} On December 11, 2019, the trial court held the resentencing hearing and informed Florence that, upon completing his sentence, he "may be placed on a period of up to three years of post-release control supervision" for the conviction of having weapons under disability.   Resentencing Tr. (Dec. 11, 2019), p. 3.   The court then filed an amended termination entry on December 12, 2019, which contained the same language with respect to post-release control.   Termination Entry Amending Termination Entry – 7/03/18 Addressing PRC, p. 1.   On January 9, 2020, Florence filed a timely pro se notice of appeal to our court.   As noted, after his appointed counsel was allowed to withdraw, Florence filed a pro se brief asserting five assignments of error.

## II.   Alleged Failure to Evaluate Mental Competency

{¶ 7} Florence's First Assignment of Error states that:

The Trial Court Abused Its Discretion and in So Doing Denied Appellant Lamar D. Florence Due Process of Law, in Violation of the Due Process Clauses of Both the Ohio and United States Constitutions, Where Appellant Florence's Due Process Rights Were Abridged by the Trial Court's Failure to Order the Examination of Appellant Florence Concerning His Mental State at the Time of the Alleged Crime, Along With the Failure to Conduct the Requisite Examination for Competency After Appellant Florence Entered a Plea of Not Guilty by Reason of Insanity.

{¶ 8} Under this assignment of error, Florence acknowledges that the trial court did order an evaluation to determine his competency to stand trial.   However, the court

did not consider Florence's competency at the time of the crime, which Florence contends was both material and constitutionally mandated.

{¶ 9} The trial took place in March 2004, and Florence's convictions were affirmed in *Florence I* on August 19, 2005. *Florence I*, 2d Dist. Montgomery No. 20439, 2005-Ohio-4508, at ¶ 76. In addition, the Supreme Court of Ohio rejected Florence's appeals from our court's decision in 2005 and 2006. *See State v. Florence*, 107 Ohio St.3d 1700, 2005-Ohio-6763, 840 N.E.2d 205, and *State v. Florence*, 109 Ohio St.3d 1427, 2006-Ohio-1967, 846 N.E.2d 535 (both declining review). At that point, a final judgment existed, and res judicata applied. Under res judicata principles, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. *See also State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13.

{¶ 10} Florence contends, however, that he is not bound by res judicata because his post-conviction resentencing created a "new" judgment, pursuant to which he was permitted to assert error relating to his "undisturbed" conviction. Appellant's Brief, p. 7. The authority that Florence cites for this is *In re Stansell*, 828 F.3d 412 (6th Cir.2019), which, according to Florence, is "controlling" authority. *Id.*

{¶ 11} As a preliminary point, we note that *Stansell* is not controlling on any issue. Long ago, the Supreme Court of Ohio held that Ohio courts "are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court." *State v. Burnett*, 93 Ohio St.3d 419, 424, 755 N.E.2d 857 (2001).

Consequently, we are not bound by the decision in *Stansell*. We are free, however, to consider whether *Stansell* "is persuasive and whether it is on point in this case." *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 33.

{¶ 12} *Stansell* involved the Antiterrorism and Effective Death Penalty Act, which "limits the authority of the federal courts to grant relief to individuals who previously filed a habeas petition." *Stansell* at 414, citing 28 U.S.C. 2244(b) and *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). "The Act requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court." *Id.* In addition, the Act requires dismissal of "a claim presented in a second or successive habeas corpus application * * * that was presented in a prior application." *Id.* at 414-415, quoting 28 U.S.C. 2244(b)(1).[1]

{¶ 13} Although the defendant in *Stansell* had previously filed a habeas petition, he again sought federal habeas relief, based on a "new judgment" – a resentencing in an Ohio state court occasioned by the court's initial failure to impost post-release control. *Id.* at 414. In considering whether to grant permission, the Sixth Circuit Court of Appeals discussed *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), and its own decision in *King v. Morgan*, 807 F.3d 154 (6th Cir.2015).

{¶ 14} The Sixth Circuit first observed that habeas application requirements refer to a party being held in custody pursuant to a "judgment." Given this fact, the United

---

[1] Like the defendant in *Stansell*, Florence previously filed for habeas relief in federal court. However, Florence's petition was rejected. *See Florence v. Voorhies*, S.D.Ohio No. 3:07cv152, 2010 WL 1882312 (Mar. 29, 2010 magistrate's report, and May 11, 2010 judgment overruling objections to magistrate's report and dismissing habeas petition and amended habeas petition, with prejudice).

States Supreme Court had previously concluded that " 'the phrase "second or successive" must be interpreted with respect to the judgment challenged.' " *Stansell* at 415, quoting *Magwood* at 332-33. Thus, "[i]f an individual's petition is the first to challenge a particular state judgment – even if the applicant has previously filed other petitions challenging other judgments – the petition is not 'second or successive.' " *Id.*, citing *Magwood* at 331-333. In *Magwood*, this meant the defendant did not have to overcome the hurdle of a second or successive bar because he had been resentenced (to the death penalty again) after filing his first habeas petition.

{¶ 15} In *King*, the Sixth Circuit extended *Magwood* to a "*conviction.*" (Emphasis sic.) *Stansell* at 416. Thus, in *King*, a habeas petitioner was allowed to bypass the second or successive barrier where his second petition "raised challenges to his sentence and his conviction, even though he had received only a new sentence (rather than a new trial) in the interim." *Id.*, citing *King* at 157. This was due to "*Magwood's* 'judgment-based' approach," which prohibited courts from slicing habeas applications into "distinct 'claims' and thus from assessing whether each one challenged" a petitioner's conviction or the sentence. *Id.*

{¶ 16} The petitioner in *Stansell* then asked the Sixth Circuit to extend *Magwood* and *King* "one step further," because his "sentence was only partially vacated (to the extent it did not include a term of post-release control), and he was only partially resentenced (to impose that term)." *Id.* The Sixth Circuit agreed, concluding that the partial resentencing created "an intervening judgment that permits [the petitioner] to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control." *Id.*

{¶ 17} In doing so, the court focused on the fact that "[t]he sentence that matters in a habeas case, *Magwood* tells us, is the one 'pursuant to' which an individual is held 'in custody.' " *Id.*, quoting *Magwood* at 332. The court went on to note that "an individual is 'in custody' for habeas purposes when he is 'in actual, physical custody in prison or jail' or when he is subject to 'significant' post-release 'restraints on [his] liberty' that are 'not shared by the public generally.' " *Id.*, quoting *Jones v. Cunningham*, 371 U.S. 236, 238, 240, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). (Other citation omitted.) As a result, individuals who are "subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Id.*

{¶ 18} Consistent with this point, the court commented that:

Before his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life plus five years of post-release control. *See Jones*, 371 U.S. at 238-43, 83 S.Ct. 373. Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*Stansell*, 828 F.3d at 416-417.

{¶ 19} In addressing some caveats to its opinion, the trial court made the remark that Florence relies on in his brief, i.e., "a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." (Emphasis sic.) *Id.* at 419. *See* Appellant's Brief at p. 7. However, Florence's brief fails to cite the reason that immediately followed this

sentence. Specifically, the Sixth Circuit stated, "That is because this type of change alters the sentence 'pursuant to' which the petitioner is 'in custody.' " (Citations omitted.) *Id.*

{¶ 20} However, the case before us does not involve habeas, nor does it involve a second habeas petition to which certain requirements apply. As a result, *Stansell* does not persuasively impact our analysis.

{¶ 21} Furthermore, while citations to *Stansell* among Ohio state-level cases are rare (only four to date), our court has twice held that *Stansell* does not apply in cases like the present. *See State v. Henley*, 2d Dist. Montgomery No. 27326, 2017-Ohio-5828, ¶ 20, and *State v. Bolling*, 2d Dist. Montgomery No. 27923, 2019-Ohio-227, ¶ 12. Both cases involved an appeal from a resentencing imposing post-release control, and the defendants in both cases attempted to raise issues that could have been raised during direct appeal. *Henley* at ¶ 5 and 15; *Bolling* at ¶ 3, 5, and 14.

{¶ 22} In *Henley*, we noted that *Stansell* did not apply, and its "only relevance" was that if the defendant wished "to file a second habeas petition in federal court, he would not have to first file leave with the Sixth Circuit in order to do so." *Henley* at ¶ 20. We made the same comment in *Bolling*. *Bolling* at ¶ 12. We agree with these observations.

{¶ 23} In *Henley*, we also stressed that while " 'the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' " * * * [Thus], a resentencing in order to properly impose post-release control does not permit a defendant to raise new challenges to his underlying convictions that could have been raised in his original appeal." *Henley* at ¶ 20, quoting *State v.*

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus. Since that time, however, the Supreme Court of Ohio has changed course concerning the issue of void and voidable judgments, which was the basis of the above holding in *Fisher*, i.e., that "a sentence that is not in accordance with statutorily mandated terms is void." *Fisher* at ¶ 8, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14. (Other citations omitted.)

{¶ 24} For more than a century, the Supreme Court of Ohio followed the rule that " 'a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 22, quoting *State v. Perry*, 10 Ohio St.2d 175, 178, 226 N.E.2d 104 (1967).[2] " 'Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant.' " *Id.*, quoting *Perry* at 178-179.

{¶ 25} However, in 1984, the Supreme Court of Ohio engaged in a " 'modern expansion' " of the void-sentence doctrine, concluding that "the traditional view of void judgments 'does not adequately address the constitutional infirmities of a sentence imposed without statutory authority.' " *Harper* at ¶ 27, quoting *Fischer* at ¶ 20. The

---

[2] This would have been from 1857, when *Ex parte Shaw*, 7 Ohio St. 81 (1857), was decided, until *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984), which the Supreme Court of Ohio described in *Harper* as "largely an outlier until it gained new life as we grappled with trial courts' failures to adhere to the General Assembly's specific statutory requirements for imposing postrelease control." *Harper* at ¶ 21-26 and 28-29.

remedy devised in 1984 for a failure to impose statutorily-required terms when imposing sentence was that the attempted sentence would be rendered " 'a nullity or void.' " *Id*. at ¶ 28, quoting *Beasley*, 14 Ohio St.3d at 75, 471 N.E.2d 774. *See also* fn.1, above. This remedy was then extended in *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, to a failure to notify defendants of post-release control requirements; in later cases to other issues relating to failure to properly impose post-release control; and to other sentencing errors like failure to include mandatory fines. *Id*. at ¶ 29-30 and 33.[3]

{¶ 26} In *Harper,* after considering the "endless litigation" that had ensued about "which sentencing errors must be raised on direct appeal and which may be raised at any time," the Supreme Court of Ohio decided to "reevaluate the basic premise of our void-sentence jurisprudence and the remedy for the failure to properly impose postrelease control." *Id*. at ¶ 34. Having evaluated these matters, the court concluded that it would return to the traditional view of void and voidable judgments.

{¶ 27} One factor favoring return was the lack of a persuasive explanation in *Beasley* and *Jordan* or their progeny about why sentencing errors should be treated differently than other failures in applying statutory mandates, which merely make judgments voidable. *Id*. at ¶ 35. A further factor was the court's recognition that "[t]he current state of our void-sentence jurisprudence also runs counter to the doctrine of res judicata and disrupts the finality of judgments of conviction." *Id*. at ¶ 37.

{¶ 28} Concerning this latter point, the court stressed that:

This public policy is reflected in the doctrine of res judicata, which "promotes

---

[3] *Harper* overruled *Jordan* "to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void." *Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 40.

the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. But contrary to these time-honored principles, our void-sentence jurisprudence has invited continued relitigation of the validity of a sentence – sometimes more than a decade after sentencing, *e.g., State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 6.

*Harper* at ¶ 37.

**{¶ 29}** As a result, the court overruled its "precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void." *Id.* at ¶ 40. In this regard, the court reasoned that "noncompliance with requirements for imposing postrelease control is best remedied the same way as other trial and sentencing errors – through timely objections at sentencing and an appeal of the sentence." *Id.* Finally, the court stated that:

A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

*Id.* at ¶ 42. *Accord State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 166, ¶ 14; *State v. Miller*, 2d Dist. Montgomery No. 28545, 2021-Ohio-232, ¶ 22.

{¶ 30} The holding in *Harper* is fatal to Florence's claim that the trial court erred by failing to consider his competency at the time of the murder. As an initial point, the only reason Florence's appeal is before us now is due to the prior remand in *Florence III* for correction of a sentencing error in imposing post-release control. If *Harper* had been in effect when *Florence III* was decided, that sentencing claim would have been precluded by res judicata. Specifically, Florence's convictions for aggravated murder and associated offenses occurred in 2004, and his direct appeals from those convictions ended, at the latest, in 2006.

{¶ 31} There is no issue in this case about the trial court's subject matter jurisdiction, and there is also no question that the court had jurisdiction over Florence's person. Any error in sentencing, therefore, could have been brought on direct appeal and is barred by res judicata. However, because *Harper* was not in effect when *Florence III* was decided, we properly remanded the case to the trial court for correction of a minor sentencing error.

{¶ 32} Although Florence has appealed from the latest amended judgment entry of conviction, which resulted from his resentencing, he did not raise issues about any error in the sentencing decision. Instead, he has asserted an issue concerning his competency, which could have been raised during direct appeal and is barred by res judicata.

{¶ 33} Accordingly, the First Assignment of Error is overruled.

### III. Merger

{¶ 34} Florence's Second and Third Assignments of Error both relate to merger

and will be addressed together. These assignments of error, respectively, state that:

The Trial Court Abused Its Discretion, and in So Doing Denied Appellant Lamar D. Florence Due Process of Law, in Violation of the Double Jeopardy Clause of the United States Constitution, Where Appellant Florence Remains Subjected to Double Jeopardy as a Result of the Trial Court's Failure to Merge Those Counts Relating to Allied Offenses.

The Trial Court Abused Its Discretion, and in So Doing Denied Appellant Lamar D. Florence Due Process of Law, in Violation of the Double Jeopardy Clause of the United States Constitution, Where Appellant Florence Remains Subjected to Double Jeopardy as a Result of the Trial Court's Failure to Merge the Count of Aggravated Murder With the Lesser Included Offense of Murder.

{¶ 35} The trial court's alleged failure to merge offenses could have been raised during Florence's direct appeal. For the reasons previously discussed, consideration of these alleged errors is barred by res judicata. Accordingly, the Second and Third Assignments of Error are overruled.

## IV. Sufficiency of the Evidence

{¶ 36} Florence's Fourth Assignment of Error states as follows:

Appellant Florence Was Denied Due Process of Law, in Violation of the Due Process Clauses of Both the United States and Ohio Constitutions, Where, as a Result of the Legally Insufficient Evidence, the Jury Failed to Make a Determination of Guilt Based Upon All of the Essential Elements of

the Crimes Charged.

{¶ 37} Again, based on our prior discussion, this assignment of error is without merit. The sufficiency of the evidence is a matter that could have been raised during Florence's direct appeal, and any attempt to do so now is barred by res judicata. As a result, the Fourth Assignment of Error is overruled.


### V. Error Related to Introduction of Alleged Perjured Testimony

{¶ 38} Florence's final assignment of error asserts that:

Appellant Florence Was Denied Due Process of Law, in Violation of the Due Process Clause of Both the United States and Ohio Constitutions, Where the Trial Court Failed to Grant a Directed Verdict of Mistrial Based Upon the Introduction of Perjured Testimony on Behalf of the State's Material Witness, and Trial Counsel Was Ineffective for Failure to Object and Motion for Mistrial Based Upon the Introduction of Perjured Testimony.

{¶ 39} This assignment of error relates to the testimony of Florence's then-girlfriend, who was present at the murder scene and witnessed material events. This witness did not cooperate with the State, and her video deposition was taken at her request after the State issued a material witness warrant. *Florence I*, 2d Dist. Montgomery No. 20439, 2005-Ohio-4508, at ¶ 4. When the witness testified at trial, her testimony differed from what she had said during the deposition and in statements made to detectives and a 911 operator. As a result, the court allowed the State to play the deposition for the jury. *Id.* at ¶ 4, and 11-12.

{¶ 40} Any alleged issue with the testimony could have been raised on direct

appeal and, in fact, was raised. *See id.* at ¶ 61 (noting Florence's allegation that "the prosecutors engaged in misconduct by knowingly presenting false or perjured testimony at trial").

**{¶ 41}** Based on the preceding discussion, the Fifth Assignment of Error is barred by res judicata and is overruled.


VI.   Conclusion

**{¶ 42}** All of Florence's assignments of error having been overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.



Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Lamar D. Florence
Hon. Dennis J. Adkins