[Cite as *State v. Bolling*, 2011-Ohio-6487.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24571 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2003-CR-73 |
| v. | : | |
| | : | |
| ANTHONY K. BOLLING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of December, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LAURA M. WOODRUFF, Atty. Reg. #0084161, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. #0005031, 108 Dayton Street, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Anthony K. Bolling appeals from an order of the trial court denying his motion to dismiss the charges against him on speedy trial grounds.   Bolling contends that because the 2003 judgment entry of conviction omitted the manner of his

conviction, it was not effective as a judgment entry of conviction and sentence. Consequently, he argues, the charges against him have been allowed to pend for seven years without resolution, resulting in a speedy trial violation.

{¶ 2}   Based upon *State v. Lester*, _____ Ohio St.3d _____, 2011-Ohio-5204, we conclude that the omission of the manner of conviction from a judgment entry of conviction does not deprive the judgment entry of its efficacy as a judgment of conviction.   Therefore, Bolling's argument fails.

### I.   Bolling is Convicted in 2003 of Rape and Felonious Sexual Penetration.

{¶ 3}   In January 2003, Bolling was charged by indictment with four counts of Rape (of a person under the age of thirteen, by force), and one count of Felonious Sexual Penetration (of a person under the age of thirteen, by force).   A jury found him guilty on all counts.

{¶ 4}   On November 13, 2003, Bolling was sentenced to life imprisonment on each count, with the first three counts to be served concurrently with each other, but consecutively to counts 4 and 5, and with counts 4 and 5 to be served concurrently with each other, but consecutively to the first three counts.   The judgment entry reflected that Bolling had been convicted of each offense, but it did not specify the manner of his conviction (by jury verdict in this case).

{¶ 5}   Bolling appealed.   We affirmed.   *State v. Bolling*, 2nd Dist. Montgomery No. 20225, 2005-Ohio-2509.

{¶ 6}   In January 2011, Bolling moved to dismiss the indictment, contending that there was a constitutional speedy trial violation, based upon the fact that he had not been

validly sentenced in the seven years since he was brought to trial. The trial court denied his motion to dismiss. This is the appeal from the order denying his motion to dismiss.

## II. The Omission of the Manner of Conviction Does Not Render the 2003 Judgment Entry of Conviction Ineffective, or Otherwise Void.

{¶ 7} Bolling sets forth three assignments of error:

{¶ 8} "A TERMINATION ENTRY THAT DOES NOT COMPLY WITH R.C. 2505.02 IS NOT A FINAL APPEALABLE ORDER.

{¶ 9} "A LAPSE OF EIGHT YEARS BETWEEN TRIAL AND SENTENCING VIOLATES THE APPELLANT'S RIGHT TO SPEEDY SENTENCING UNDER CRIM. R. 32(A).

{¶ 10} "THE APPELLANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED BY AN EIGHT YEAR TRIAL."

{¶ 11} Bolling relies upon *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, for the proposition that a judgment of conviction must contain the manner of conviction (i.e., jury verdict, bench trial verdict, no-contest plea, or guilty plea), and that an entry omitting the manner of conviction is not, in fact, a judgment entry of conviction that adjudicates the issues made up by the pleadings and constitutes a final appealable order. Therefore, Bolling argues, he has never been convicted and sentenced on the indictment returned against him in 2003, and upon which he was tried in 2003.

{¶ 12} Bolling then relies upon Crim. R. 32(A), which provides that a sentence "shall be imposed without unnecessary delay," and the general right, under both the Ohio and United States constitutions, to a speedy trial. Bolling argues that the delay of over seven years in his sentencing violates his speedy trial rights, and he must therefore be discharged.

**{¶ 13}** After *State v. Lester*, _____ Ohio St.3d _____, 2011-Ohio-5204, there can no longer be any doubt that the omission of the manner of conviction from a sentencing entry does not render the judgment of conviction void or ineffective.

> In contrast, when the substantive provisions of Crim.R. 32(C) are contained in the judgment of conviction, *the trial court's omission of how the defendant's conviction was effected, i.e., the "manner of conviction," does not prevent the judgment of conviction from being an order that is final and subject to appeal*. Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. In this regard, the identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, *the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected*, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C).

Id., ¶ 12 (emphasis added).

> Nevertheless, to the extent that *Baker* implies, or has been interpreted to require, that more than the fact of conviction and the substantive provisions of Crim.R. 32(C) must be set out in the judgment entry of conviction before it becomes a final order, we modify the holding in *Baker*. We hold that a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

Id., ¶ 14.

**{¶ 14}** In the case before us, Bolling's 2003 judgment entry of conviction included the fact that he had been convicted of all charges, the sentence, the judge's signature, and the time stamp indicating the clerk's entry on the journal. Therefore, it had all of the requirements of *State v. Lester* for an effective judgment entry of conviction.

**{¶ 15}** Since all of Bolling's assignments of error depend upon the predicate

proposition of law that his 2003 judgment entry of conviction was void and ineffective, they necessarily fail, and we overrule them.

### III. Conclusion.

{¶ 16} All of Bolling's assignments of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.


Copies mailed to:

Mathias H. Heck
Laura M. Woodruff
George A. Katchmer
Hon. Dennis J. Langer