[Cite as *State v. Johnston*, 2015-Ohio-4716.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26620 |
| | : | |
| v. | : | T.C. NO. 00CR841 |
| | : | |
| ADAM C. JOHNSTON | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____13th____ day of ____November____, 2015.

. . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ADAM C. JOHNSTON, #414-233, Marion Correctional Institute, P. O. Box 57, Marion, Ohio 43301
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Adam C. Johnston, acting pro se, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, denying his motion to establish a date for an oral resentencing hearing and a conveyance order. Johnston filed a timely notice of

appeal with this Court on March 19, 2015.

## Procedural History

{¶ 2} We set forth the history of the case in *State v. Johnston,* 2d Dist. Montgomery No. 25652, 2012–Ohio–4401, and repeat it herein in pertinent part:

Johnston was convicted after a jury trial of aggravated murder, aggravated burglary, and burglary arising out of Johnston's entering the home of Bobby Matthews on March 11, 2000 and killing Matthews. In August 2001, the trial court merged the burglary and aggravated burglary counts and sentenced Johnston to life imprisonment for the aggravated murder and to ten years in prison for the aggravated burglary, to be served concurrently. The trial court did not mention post-release control at the sentencing hearing, nor did the court inform Johnston of his appeal rights. Johnston's attorneys told the court that they had "advised [Johnston] that we would file appropriate paperwork for an appeal."

The trial court's judgment entry stated that "[t]he Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board." The entry also stated the consequences that Johnston would face if he violated post-release control. The sentencing entry indicated that the trial court had explained Johnston's appellate rights to him.

Johnston appealed from his conviction, claiming that the trial court erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter. Upon review, we affirmed Johnston's conviction. *State v. Johnston,* 2d Dist. Montgomery No. 19019, 2002–Ohio–3295.

Ten years later, on October 9, 2012, Johnston filed a motion for resentencing. Johnston argued that the trial court failed to notify him at sentencing that he would be subject to five years of post-release control, that post-release control was mandatory, and of the consequences of violating post-release control. Johnston further stated that the trial court failed to notify him of his appellate rights. Johnston thus claimed that his sentence was void. Johnston identified two additional "fatal" errors: (1) the trial court imposed a "life" sentence, rather than an "indeterminate life" sentence, and (2) the trial court failed to impose a sentence for burglary. Finally, citing *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, Johnston argued that the trial court could not resentence him under R.C. 2929.191. Johnston asked for appointed counsel, an oral hearing date, and a de novo resentencing hearing.

On November 5, 2012, Johnston reiterated his request for the appointment of counsel and for the trial court to set a date for an oral hearing. Ten days later, the trial court denied Johnston's request for counsel, noting that R.C. 2929.191 did not provide for the appointment of counsel for resentencing to correct the imposition of post-release control. On December 4, 2012, Johnston filed a second motion for resentencing, again seeking an oral hearing and the appointment of counsel.

On February 1, 2013, the trial court granted in part and overruled in part Johnston's motions for resentencing, granted his motion to set an oral hearing, and ordered a nunc pro tunc sentencing hearing on Johnston's post-release control. With respect to Johnston's claim that post-release control was not properly imposed, the trial court held that Johnston's motions "implicate the provisions of R.C. §

2929.191." The court found that, because Johnston's sentence had not expired, the trial court was authorized to resentence Johnston to impose a mandatory term of post-release control, and because Johnston's sentence was imposed before July 11, 2006, R.C. 2929.191 applied.

As for Johnston's claims that the trial court erred in imposing a life sentence, in failing to sentence for burglary, and failing to notify him of his right to appeal, the trial court considered those claims to be constitutional challenges to his sentence, which fell under petitions for post-conviction relief. The trial court noted that res judicata barred the claims, that his claims were untimely, and that the claims had "questionable merit."

**{¶ 3}** Johnston subsequently appealed the trial court's ruling, and we affirmed, finding that the trial court properly denied defendant's motion for resentencing on any issues that were not related to post-release control. *Johnston,* 2d Dist. Montgomery No. 25652, 2012–Ohio–4401. We further found that Johnston's arguments that his sentence was void due to the trial court's (1) imposition of a "life" sentence, (2) its failure to impose a sentence for burglary (which had been merged with an aggravated burglary count), and (3) its failure to notify defendant of his appeal rights were barred by res judicata. *Id.* at ¶ 16. Because Johnston was still incarcerated for offenses stemming from the same indictment, we found that he could be resentenced for the purpose of properly imposing post-release control for his aggravated burglary charge. *Id.* at ¶ 25. We also noted that Johnston's challenge to the court's anticipated procedure for resentencing, which had yet to occur at that point, was not ripe. *Id.* at ¶ 28. Finally, we found that the trial court's sentencing entry was a final appealable order, and the trial court properly did not impose a sentence on the merged burglary charge. *Id.* at ¶¶ 33, 34.

{¶ 4} Shortly thereafter, on December 3, 2013, the trial court issued a nunc pro tunc amended judgment entry of conviction which stated the proper manner of conviction and deleted all references to post-release control pursuant to the Ohio Supreme Court's holding in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.

{¶ 5} On February 2, 2015, Johnston filed a motion to establish a date for an oral hearing and a conveyance order. Specifically, Johnston requested the trial court to schedule a date for a resentencing hearing in order to properly impose a term of post-release control for his conviction for aggravated burglary. Johnston also requested the trial court to direct the Montgomery County Sheriff's Department to transport him from the prison where he is currently incarcerated to court so that he could attend the hearing.

{¶ 6} In a decision issued on February 19, 2015, the trial court denied Johnston's motion. Citing *Holdcroft*, the trial court found that because Johnston had already completed his ten-year sentence for aggravated burglary which had been ordered to be served concurrently to his life sentence for aggravated murder, it lacked "the authority to correct the original sentence's omission of post-release control provisions."

{¶ 7} It is from this judgment that Johnston now appeals.

**Analysis**

{¶ 8} Because they are interrelated, we will address all three of Johnston's assignments of together as follows:

{¶ 9} "WHETHER SENTENCES IMPOSED PRIOR TO THE 'JULY 11, 2006' EFFECTIVE DATE OF: O.R.C. § 2929.191 ARE SUBJECT TO THE LESS STRINGENT STANDARDS OF INVALIDITY OF: *STATE V. SINGLETON*, 124 OHIO ST.3D 173, AND EXEMPT FROM A PROHIBITED RETROACTIVE APPLICATION OF THE PROVISIONS

ENUMERATED IN: *STATE V. FISCHER*, 128 OHIO ST.3D 192."

{¶ 10} "WHETHER THE TRIAL COURT'S FAILURE TO INDICATE ON ITS JOURNAL ENTRY ['THE SEQUENCE'] WITH WHICH THE MULTIPLE CONSECUTIVE SENTENCES WERE/ARE TO BE SERVED IMPLICATE DUE PROCESS AS DEFINED IN: *STATE V. KISH*, 2014 OHIO APP. LEXIS 684."

{¶ 11} "WHETHER THE TRIAL COURT'S RELIANCE ON THE OFFICE OF NUNC PRO TUNC IS ATTEMPTING TO CORRECT AN AILING POST-RELEASE CONTROL NOTIFICATION FLOWING FROM A SENTENCE IMPOSED ['PRIOR TO THE EFFECTIVE DATE OF: O.R.C. § 2929.191'] WAS CLEARLY ERRONEOUS, 'CONTRARY TO LAW,' AND DID EXCEED THE SCOPE OF NUNC PRO TUNC ORDER[.]"

{¶ 12} It is well established that, when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Where post-release control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34. *See also State v. Wilson,* 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012–Ohio–1660, ¶ 19.

{¶ 13} Johnston asserts that the improper imposition of post-release control rendered his entire sentence void. Johnston relies on a pre-*Fischer* case, *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, in which the Ohio Supreme Court reiterated its prior rulings that a sentence that failed to properly impose post-release control was contrary to law and thus void. In relevant part, *Singleton* was reversed by *Fischer.* Accordingly, only the post-release control portion of Johnston's sentence is void, not the entirety of his sentence. Johnston,

therefore, is not entitled to a de novo sentencing hearing, and any resentencing hearing would be limited to the proper imposition of post-release control sanctions.

{¶ 14} However, in *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at paragraph three of the syllabus, the Ohio Supreme Court has held that a "trial court does not have the authority to resentence a defendant for the purpose of adding a term of post[-]release control as a sanction for a particular offense *after the defendant has already served the prison term for that offense.*" (Emphasis added.)

{¶ 15} As previously stated, in 2001, Johnston was convicted of aggravated murder, aggravated burglary, and burglary. The trial court merged the burglary and aggravated burglary counts and sentenced Johnston to life imprisonment for the aggravated murder and to ten years in prison for the aggravated burglary, the sentences to be served concurrently, not consecutively as Johnston asserts in his second assignment of error. Here, it is uncontroverted that Johnston has completed his ten-year prison term for the aggravated burglary offense. Thus, pursuant to *Holdcroft,* the trial court correctly found that it could not resentence Johnston in order to add a term of post-release control.

{¶ 16} On December 3, 2013, the trial court issued a nunc pro tunc amended judgment entry of conviction which stated in pertinent part:

All references to post-release control are removed from this Amended Termination

Entry because defendant has fully served the sentence for the offense(s)

[Aggravated Burglary] to which post-release control applied.

{¶ 17} Ordinarily, R.C. 2929.191 cannot be applied retroactively to allow a nunc pro tunc entry to correct the trial court's failure to inform appellant of the consequences of violating his post-release control, and this would require a remand to the trial court for resentencing. *See*

*Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 26. However, Johnston has completely served his term of incarceration for the aggravated burglary. Therefore, pursuant to *Holdcroft*, the trial court correctly issued a nunc pro tunc amended judgment entry of conviction which removed all references to post-release control. Simply put, since Johnston has served the entire sentence for his aggravated burglary conviction, "the only remedy available was to amend the judgment to vacate the portion of the sentence imposing post-release control" which is essentially what the trial court did here. *State v. Taylor*, 2d Dist. Montgomery No. 26500, 2015-Ohio-3510, ¶ 13 (citing *Holdcroft*, we found that the court's error in imposing post-release control rendered only that portion of appellant's sentences for felonious assault void, and the court corrected the error by issuing nunc pro tunc entries vacating the prior sentences of post-release control because he had already served the sentences imposed for those offenses). Accordingly, the trial court did not err when it denied Johnston's motion to establish a date for an oral resentencing hearing and a conveyance order.

{¶ **18**} Johnston's first, second, and third assignments of error are overruled.

### Conclusion

{¶ **19**} All of Johnston's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Adam C. Johnston
Hon. Mary L. Wiseman