[Cite as *State v. Bolling*, 2019-Ohio-227.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27923 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-73 |
| | : | |
| ANTHONY K. BOLLING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of January, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, 5th Floor, Ohio 45422
 Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, P.O. Box 302, Bellbrook, Ohio 45305
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} After a jury trial in August 2003, Anthony K. Bolling was convicted of four counts of rape (of a person under the age of thirteen, by force), and one count of felonious sexual penetration (of a person under the age of thirteen, by force).   On November 13, 2003, Bolling was sentenced to life imprisonment on each count, with the first three counts to be served concurrently with each other, but consecutively to counts 4 and 5, and with counts 4 and 5 to be served concurrently with each other, but consecutively to the first three counts.   The trial court did not impose post-release control. The judgment entry reflected that Bolling had been convicted of each offense, but it did not specify the manner of his conviction (by jury verdict, in this case). Bolling appealed, and we affirmed his convictions and sentence. *State v. Bolling*, 2d Dist. Montgomery No. 20225, 2005-Ohio-2509 (hereinafter "*Bolling I*").

{¶ 2} In January 2011, Bolling moved to dismiss the indictment, contending that there was a constitutional speedy trial violation, based upon the fact that he had not been validly sentenced in the seven years since he was brought to trial.   The trial court denied his motion to dismiss.   Bolling appealed the trial court's judgment.   We subsequently affirmed the trial court, finding that Bolling's 2003 judgment entry of conviction included the fact that he had been convicted of all charges, the sentence, the judge's signature, and the time stamp indicating the clerk's entry on the journal.   Therefore, we held that pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, Bolling's 2003 judgment entry of conviction contained all of the requirements for an effective judgment entry of conviction. *State v. Bolling*, 2nd Dist. Montgomery No. 25471, 2011-Ohio-6487 (hereinafter "*Bolling II*").

{¶ 3} On July 27, 2017, Bolling filed a motion for resentencing and final appealable order, requesting a de novo sentencing hearing to properly impose post-release control. On January 23, 2018, the trial court issued a decision denying Bolling's motion for a de novo resentencing. Rather, the trial court held that the resentencing hearing would "be limited to the proper imposition of post-release control with regard to Bolling's convictions for the four counts of Rape." Thereafter, on February 2, 2018, the trial court conducted a resentencing hearing strictly for the purpose of imposing post-release control for Bolling's rape convictions. On February 5, 2018, the trial court filed a nunc pro tunc and an amended termination entry.[1]

{¶ 4} It is from this judgment that Bolling now appeals.

{¶ 5} Bolling's first assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT A DE NOVO RE-SENTENCING.

{¶ 6} In his first assignment, Bolling contends that the trial court abused its discretion when it limited the scope of the resentencing hearing to the proper imposition of post-release control with regard to Bolling's convictions for the four counts of rape. Specifically, Bolling argues that the resentencing hearing should not have been limited to the imposition of post-release control, because in his motion for a de novo sentencing hearing, he identified additional alleged deficiencies in his original judgment entry of conviction, specifically his improper designation as a "sexual predator," and the termination entry's failure to include findings supporting the imposition of consecutive sentences.

---

[1] The amended termination entry states that Bolling was "convicted by a jury."

{¶ 7} " 'If a sentence is void for failure to include proper post-release-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing.' * * *." *State v. Hudson*, 2d Dist. Clark No. 2014 CA 53, 2014-Ohio-5363, ¶ 19. " 'Post-release control' involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others. R.C. 2967.28(B); * * *." *Id. at* ¶ 20. As this Court further noted in *Hudson*:

> The Supreme Court of Ohio has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that part of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack," *Fischer* at ¶ 27, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."
> *Id.* at ¶ 40.

*Id.* at ¶ 21.

{¶ 8} Initially, we note that Bolling argues that the improper imposition of post-release control rendered his entire sentence void. Bolling relies on a pre-*Fischer* case, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, in which the

Ohio Supreme Court reiterated its prior rulings that a sentence that failed to properly impose post-release control was contrary to law and thus void. In relevant part, *Singleton* was reversed by *Fischer*. *State v. Johnston*, 2d Dist. Montgomery No. 26620, 2015-Ohio-4716, ¶ 13. Accordingly, only the post-release control portion of Bolling's sentence was void, not the entirety of his sentence. *Id.* Bolling, therefore, was not entitled to a full de novo sentencing hearing, and the trial court correctly limited the resentencing hearing to the proper imposition of post-release control sanctions. *Id.*

{¶ 9} In further support of his argument that he was entitled to a de novo sentencing hearing, Bolling cites *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) and *King v. Morgan*, 807 F.3d 154 (6th Cir.2015). In *Magwood*, the U.S. Supreme Court held that a "single habeas corpus application" is based upon a particular "judgment" of a state court. The Supreme Court further held that if a petitioner who has already filed one federal habeas petition is resentenced in a state court, the defendant's subsequent federal habeas petition after resentencing does not qualify as a "successive" petition requiring leave from a court of appeals. *Id.* at 331. This is the procedure because a resentencing operates as a new "judgment." *Id.*

{¶ 10} In *King*, the Sixth Circuit extended *Magwood* to challenges to a conviction. After his conviction, King unsuccessfully sought federal habeas relief. *Id.* at 156. The trial court subsequently vacated King's sentence, but when he received a higher minimum prison term after resentencing, he filed a second habeas petition. *Id.* Like the defendant in *Magwood*, King had obtained an intervening judgment between his two habeas petitions. Unlike Magwood, however, King's second-in-time petition raised challenges to his sentence and his conviction, even though he had received only a new sentence (rather

than a new trial) in the interim. *Id.* at 157. King's petition was not second or successive under *Magwood's* "judgment-based" approach, prohibiting the Sixth Circuit from dividing King's "application" into distinct "claims" and thus from assessing whether each one challenged his conviction or his sentence. *Id.*; *see also Magwood* at 331; *Askew v. Bradshaw*, 636 Fed.Appx. 342, 346-50 (6th Cir.2016). Instead, the Sixth Circuit treated King's application—his entire application—as the first one to challenge his new judgment, which meant he did not have to meet the second or successive petition requirements.

**{¶ 11}** Recently, in *In re Stansell*, 828 F.3d 412 (6th Cir.2016), the petitioner filed an initial habeas petition that was dismissed by the federal district court. *Id.* at 414. The petitioner was thereafter granted a new sentencing hearing in state court under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, for the proper imposition of post-release control. *Id.* The petitioner also filed a motion for leave to file a successive habeas application in federal court. *Id.* Upon review, the Sixth Circuit held that a resentencing in Ohio state court to properly impose post-release control operates as a new "judgment" under the federal habeas statute. *Id.* at 416-420. Therefore, the court held that the "second or successive" habeas petition rules did not apply in this situation. *Id.* Thus, the court denied Stansell's petition for leave as unnecessary and transferred his case to federal court to be reviewed on the merits. *Id.* at 420.

**{¶ 12}** Upon review, we conclude that *Magwood, King,* and *Stansell* do not apply in the instant case. *See State v. Henley*, 2d Dist. Montgomery No. 27326, 2017-Ohio-5828, ¶ 20. In fact, the only relevance these cases have to Bolling's case is that, if he wanted to file a successive habeas petition in federal court, he would not have to first seek leave from the Sixth Circuit in order to do so. These cases have no effect, however,

on Bolling's appeal presently before this Court. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Contrary to Bolling's argument, a resentencing in order to properly impose post-release control does not permit a defendant to raise new challenges to his underlying convictions that could have been raised in his original appeal. Accordingly, the trial court did not err when it overruled his motion for a full de novo sentencing hearing and limited the scope of the resentencing hearing to the proper imposition of post-release control with regard to Bolling's convictions for the four counts of rape.

{¶ 13} Bolling's first assignment of error is overruled.

{¶ 14} Because they are interrelated, the remainder of Bolling's assignments of error will be discussed together as follows:

THE DEFENDANT'S RIGHTS TO CONFRONTATION AND CROSS-EXAMINATION WERE VIOLATED WHEN THE TRIAL COURT RESTRICTED HIS ABILITY TO CROSS-EXAMINE HIS ACCUSER AND THE LEAD DETECTIVE IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

THE STATE COMMITTED PROSECUTORIAL MISCONDUCT WHEN IT MISLED THE JURY TO BELIEVE THAT JOSH HODSON WAS AN EXPERT WITNESS WHEN HE WAS NEVER CERTIFIED AS AN EXPERT BY THE TRIAL COURT."

THE APPELLANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED BECAUSE THE INDICTMENT WAS INSUFFICIENT TO PUT THE DEFENDANT ON FAIR NOTICE OF THE CHARGES AGAINST HIM.

THE DEFENDANT WAS DENIED THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL WHEN HE WAS PROHIBITED FROM ASKING THE ACCUSER ANY QUESTIONS ABOUT ANOTHER RELATIONSHIP AS EVIDENCE OF BIAS, BUT THE PROSECUTION WAS ALLOWED TO EXAMINE THE WITNESS ABOUT THE RELATIONSHIP ON REBUTTAL.

**{¶ 15}** Upon review, we find res judicata applicable to these arguments. The doctrine bars re-litigation of matters that either were raised in a prior appeal or could have been raised in a prior appeal. *State v. McCoy*, 2d Dist. Greene No. 04CA112, 2005-Ohio-6837, ¶ 15. Even if Bolling's remaining four assignments of error addressed new arguments that he did not raise previously, he could have raised them in his direct appeal in *Bolling I*. Therefore, any issues regarding the original indictment and the admission and/or exclusion of evidence by the trial court are barred by res judicata. Furthermore, res judicata applies to all of the other aspects of the merits of Bolling's convictions, including the determination of guilt and the lawful elements of the ensuing sentence. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus.

**{¶ 16}** The second, third, fourth, and fifth assignments of error are overruled.

**{¶ 17}** All of Bolling's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Daniel E. Brinkman
Hon. Dennis J. Langer