[Cite as *State v. Krug*, 2019-Ohio-926.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-056** |
| JON P. KRUG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 08 CR 000008.

Judgment:  Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Plaintiff-Appellee).

*Kimberly Kendall Corral*, 4403 St. Clair Avenue, Cleveland, OH  44103 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Jon P. Krug, filed the instant appeal based on a sentencing entry from the Lake County Court of Common Pleas regarding his post-release control sanctions.  As Mr. Krug only raises assignments of error based on his underlying conviction that were or could have been raised in his previous appeals, we affirm the trial court's judgment.

## Substantive and Procedural History

**{¶2}** This is the fourth time Mr. Krug has appealed to this court in regard to his underlying conviction and sentence on four counts of felonious assault, each with a repeat violent offender specification, and one count of carrying concealed weapons.

**{¶3}** Mr. Krug's conviction stems from a bar fight melee in which he stabbed two victims with a knife. In the early hours of December 30, 2007, Mr. Krug went to the Lake Effects bar in Madison, Ohio. At some point in the evening, he went into an area in the bar where the bar's owner, Jason Reihner, was playing horseshoes with a group of people. Mr. Krug, wearing headphones and listening to his MP3 player, walked right into the horseshoe pit when one of the players was about to throw a horseshoe. Mr. Reihner confronted Mr. Krug and asked him to leave. He escorted Mr. Krug outside, and a fight between them erupted in the parking lot. As the two exchanged punches, a crowd gathered around them. Harold Layne, a cook at the bar, saw a knife in Mr. Krug's left hand and jumped into the fight to help Mr. Reihner. Both Mr. Layne and Mr. Reihner were stabbed. As Mr. Krug walked away, he was tackled to the ground by several bar patrons, who managed to pry the knife from his hand.

**{¶4}** After a five-day jury trial, Mr. Krug was convicted on all five counts and sentenced to a total of 37 years and six months of imprisonment. He appealed his convictions and sentence, which we affirmed in *State v. Krug*, 11th Dist. Lake No. 2008-L-085, 2009-Ohio-3815 ("*Krug I*").

**{¶5}** Mr. Krug then filed an appeal of the denial of his postconviction relief petition. We affirmed the trial court's judgment in *State v. Krug*, 11th Dist. Lake No. 2009-L-038, 2009-Ohio-6232 ("*Krug II*"). Lastly, in *State v. Krug,* 11th Dist. Lake Nos. 2018-L-007 & 2018-L-024, 2018-Ohio-3248 ("*Krug III*"), we affirmed the trial court's judgments

denying Mr. Krug's motion for leave to file a delayed motion for new trial and his motion for disclosure of partial transcript of grand jury proceedings.

{¶6} This latest appeal is from the trial court's April 6, 2018 judgment entry that corrected Mr. Krug's sentence as to post-release control sanctions that were imposed during a hearing on April 5, 2018.

{¶7} Mr. Krug raises six assignments of error on appeal:

{¶8} "[1.] Ohio's burden shifting Self-Defense Law violates the Defendant's Second, Fifth, and Fourteenth Amendment Rights under the United States Constitution.

{¶9} "[2.] Trial Counsel [sic] was ineffective for failing to raise the issue of spoliation and to request a jury instruction based on the state's failure to preserve the blood pooled at the crime scene so that defense may have access to independent testing.

{¶10} "[3.] Trial Counsel [sic] was ineffective for failing to object to jury instructions erroneously stating that the defendant had a duty to retreat.

{¶11} "[4.] The trial court violated appellants [sic] constitutional rights by arbitrarily denying him the testimony of a favorable witness for the purpose of presenting expert testimony to interpret toxicology results.

{¶12} "[5.] The trial court erred in sentencing defendant appellant to maximum consecutive sentences as his findings are not supported by the record.

{¶13} "[6.] The trial court erred in denying Appellant of an [sic] 'inferior degree' instruction of aggravated assault."

{¶14} Mr. Krug contends that this appeal should be considered based on the Sixth Circuit's recent decision, *In re Stansell*, 828 F.3d 412 (6th Cir.2016). Specifically, he argues that *In re Stansell* stands for the proposition that a new sentencing judgment

3

reopens a case for full review and that the Sixth Circuit's reasoning should be applied to the case before us. Upon review, we find *In re Stansell* has no bearing to this case, and we further find that his assignments of error are barred, since Mr. Krug either already raised or had the opportunity to raise them in his previous appeals.

### *In re Stansell*

**{¶15}** The Sixth Circuit's decision in *In re Stansell, supra*, is inapplicable to the present case and is concerned with habeas corpus petitions in federal court. More specifically, "[t]he Antiterrorism and Effective Death Penalty Act limits the authority of the federal courts to grant relief to individuals who previously filed a habeas petition. 28 U.S.C. 2244(b). The Act requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. 2244(b)(3)(A). 'A claim presented in a second or successive habeas corpus application * * * that was presented in a prior application,' the statute adds, 'shall be dismissed unless' certain statutory criteria are met." (Emphasis added.) 28 U.S.C. 2244(b)(2)." *State v. Henley*, 2d Dist. Montgomery No. 27326, 2017-Ohio-5828, ¶17.

**{¶16}** "The U.S. Supreme Court has held that a 'single habeas corpus application' is based upon a particular 'judgment' of a state court. *Magwood v. Patterson*, 561 U.S. 320 (2010). The Supreme Court further held that if a petitioner who has already filed one federal habeas petition is resentenced in a state court, the defendant's subsequent federal habeas petition after resentencing does not qualify as a 'successive' petition requiring leave from a court of appeals. *Id.* at 331. This is the procedure since a resentencing operates as a new 'judgment.'" *Henley* at ¶18.

4

**{¶17}** The Sixth Circuit in *In re Stansell* extended the Supreme Court of the United States' ruling in *Magwood, supra,* to apply to Ohio state court judgments that resentence defendants in order to properly impose post-release control sanctions. Thus, if a defendant is resentenced in an Ohio state court for the purpose of correcting his sentencing entry for post-release control sanctions, the defendant is then entitled to file an appeal with the district trial court as of right. The defendant no longer needs to first file for leave to appeal with the Sixth Circuit.

**{¶18}** *In re Stansell* simply eliminates a procedural requirement for filing successive habeas corpus petitions because a state court resentencing judgment is no longer considered "successive."

**{¶19}** Contrary to Mr. Krug's argument, *In re Stansell* does not apply and cannot be extended to state courts. Resentencing in order to properly impose post-release control does not permit him to raise new (and old) challenges to his underlying convictions, because they are barred by the doctrine of res judicata.

### *Res Judicata*

**{¶20}** Upon review, we find that Mr. Krug failed to raise any argument that concerns the sentencing entry that corrected the imposition of his post-release control sanctions. The Supreme Court of Ohio has stated "[t]he general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *Henley* at ¶31, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986).

5

{¶21} Further, "[r]es judicata bars re-litigation of a matter that was raised or could have been raised on direct appeal." *Id.* at ¶32, citing *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481. The constitutional challenge to Ohio's self-defense statute could have been raised in his direct appeal, but it was not.

{¶22} Moreover, although barred by the doctrine of res judicata, we note Mr. Krug's argument as to the constitutionality of R.C. 2901.05(A) in light of the Supreme Court of the United States' decision in *Columbia v. Heller*, 554 U.S. 570, (6th Cir.2008) was recently addressed and dismissed by the United States Court of Appeals for the Sixth Circuit in *Warmus v. LaRose*, 6th Cir. No. 17-3196, 2017 WL 7796291 (Sept. 28, 2017).

{¶23} The Sixth Circuit explained: "[Appellant] relied on *District of Columbia v. Heller*, supra, to argue that Ohio Revised Code 2901.05(A) unconstitutionally places the burden of proof on defendants to demonstrate self-defense. The claim does not deserve further consideration. [Appellant] acknowledges that * * * the Supreme Court upheld the Ohio law in *Martin v. Ohio*, 480 U.S. 228, 236 (1987). Furthermore, *Heller* concerned the right to possess firearms in the home and did not address the burden of proof regarding self-defense." *Id.* at 3.

{¶24} In further support of his argument, Mr. Krug points to Ohio's new self-defense statute, R.C. 2901.05, effective March 28, 2019. *See* Am.Sub.H.B. No. 228, Section 1, 2901.05 (Dec. 27, 2018). Simply because the General Assembly has shifted the burden of proof going forward with evidence of an affirmative defense of self-defense, defense of another, or defense of the accused's residence/vehicle, it does not equate to finding the former statute unconstitutional. Indeed, in *Martin*, *supra*, the Supreme Court of the United States expressly upheld Ohio's law of self-defense, stating "the common-

6

law rule was that affirmative defenses, including self-defense, were matters for the defendant to prove. 'This was the rule when the Fifth Amendment was adopted, and it was the American rule when the Fourteenth Amendment was ratified.' * * * We are aware that all but two of the States, Ohio and South Carolina, have abandoned the common-law rule and require the prosecution to prove the absence of self-defense when it is properly raised by the defendant. '* * * We are no more convinced that the Ohio practice of requiring self-defense to be proved by the defendant is unconstitutional than we are that the Constitution requires the prosecution to prove the sanity of a defendant who pleads not guilty by reason of insanity." *Id.* at 235-236.

{¶25} Finally, in holding *In re Stansell, supra,* inapplicable in a similar case, the Second District in *State v. Bolling*, 2nd Dist. Montgomery No. 27923, 2019-Ohio-227, ¶12, explained that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.*, quoting *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus.

{¶26} Mr. Krug is simply not entitled to a fourth bite from the "proverbial apple," and thus, his assignments of error are overruled.

{¶27} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.