[Cite as *State v. Donley*, 2020-Ohio-391.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28461 |
| | : | |
| v. | : | Trial Court Case Nos. 2014-CR-1142 |
| | : | 2014-CR-2391 |
| ISREAL DONLEY | : | 2014-CR-3312 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ISREAL DONLEY, #A714-135, P.O. Box 901, Leavittsburg, Ohio 44430
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Isreal Donley appeals, pro se, from orders of the trial court overruling his motions for final appealable orders, which were filed in each of three cases in the Montgomery County Court of Common Pleas: Case Nos. 2014-CR-1142, 2014-CR-2391, and 2014-CR-3312. Donley filed a notice of appeal with the Court on July 15, 2019.[1]

{¶ 2} We set forth the history of these cases in *State v. Donley*, 2017-Ohio-562, 85 N.E.3d 324 (2d Dist.) ("*Donley I*"), and repeat it herein in pertinent part:

> * * * After Donley was found guilty by a jury of possession of cocaine and having weapons while under disability in Case No. 2014 CR 1142, he entered no contest pleas to 27 counts of having weapons while under disability in Case No. 2014 CR 2391 and a guilty plea to illegal conveyance of drugs of abuse into a detention facility in Case No. 2014 CR 3312. In a joint sentencing hearing, the trial court ordered that the sentences in Case Nos. 2014 CR 1142 and 2014 CR 2391 run concurrently, but that the sentence in Case No. 2014 CR 3312 run consecutively to the sentences in the other cases. Donley's aggregate sentence was 13 years in prison.

*Id.* at ¶ 1.

{¶ 3} At the joint sentencing hearing for all three cases, the trial court advised Donley that, for his first-degree felony cocaine possession conviction in Case No. 2014-CR-1142, he would be required to serve a mandatory five-year term of post-release control. The trial court then informed Donley that, regarding all of his remaining charges

---

[1] Upon a showing of good cause, we allowed Donley to file a delayed notice of appeal. *See* Decision and Entry (August 23, 2019).

(in Case Nos. 2014-CR-2391 and 2014-CR-3312), his post-release control "will be a three-year period of time that you *might* be required to serve." (Emphasis added.) Tr. 555. Donley's convictions in Case Nos. 2014-CR-2391 and 2014-CR-3312 were for felonies of the third degree.

**{¶ 4}** On appeal, we affirmed the trial court's judgments in Case Nos. 2014-CR-2391 and 2014-CR-3312. *Donley I* at ¶ 2. However, with respect to Case No. 2014-CR-2391, we instructed the trial court to file a nunc pro tunc entry correcting the nature of Donley's plea. *Id.* We also instructed the trial court to file a nunc pro tunc entry in Case No. 2014-CR-3312, correcting its judgment entry so that it accurately reflected the trial court's consecutive sentencing findings. *Id.* Lastly, we affirmed Donley's conviction for possession of cocaine in Case No. 2014-CR-1142, but we vacated his conviction in that case for having weapons while under disability. *Id.*

**{¶ 5}** On May 10, 2019, Donley filed a motion for a final appealable order in each of the three cases discussed above. On May 16, 2019, the trial court overruled Donley's motion.[2]

**{¶ 6}** It is from this judgment that Donley now appeals.

**{¶ 7}** Donley's first assignment of error is as follows:

TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW WHEN ITS POST-RELEASE CONTROL SENTENCE DIFFERED FROM THE SENTENCE PRONOUNCED IN THE PRESENCE OF THE APPELLANT IN VIOLATION OF CRIMINAL RULE 43(A).

---

[2] The trial court's order overruling the motion for a final appealable order listed all three case numbers and was filed in each case.

{¶ 8} In his first assignment, Donley contends that the trial court erred when it held that he was not entitled to a new sentencing hearing, because it incorrectly advised him regarding his post-release control sanctions in Case Nos. 2014-CR-2391 and 2014-CR-3312.

{¶ 9} When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8. "[W]hen a judge fails to impose the required post-release control as part of a defendant's sentence, 'that *part* of the sentence is void and must be set aside.' " (Emphasis sic.) *State v. Heard*, 2d Dist. Montgomery No. 27454, 2018-Ohio-314, ¶ 21, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. "Accordingly, when a judge fails to properly impose statutorily mandated post-release control as part of a defendant's sentence, the post-release control sanction is void. In such situations, the void sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Holdcroft* at ¶ 7.

{¶ 10} As previously stated, the trial court advised Donley that, for his first-degree felony cocaine possession conviction in Case No. 2014-CR-1142, he would be required to serve a mandatory five-year term of post-release control. Upon review, we conclude that the mandatory five-year term of post-release control was properly imposed.

{¶ 11} The trial court then orally advised Donley that, on all of his remaining charges in Case Nos. 2014-CR-2391 and 2014-CR-3312, his post-release control "will be a three-year period of time that you *might be* required to serve." (Emphasis added.) Tr.

555. Pursuant to R.C. 2967.28(C), post-release control for Donley's third degree felony convictions in Case Nos. 2014-CR-2391 and 2014-CR-3312 "include[d] a requirement that the offender be subject to a period of post-release control *of up to* three years." (Emphasis added.) *Id.* Accordingly, we find, and the State concedes, that because the trial court misstated the post-release control sanction in Case Nos. 2014-CR-2391 and 2014-CR-3312, that portion of the sentences is void, and Donley is entitled to limited relief. *See State v. Florence,* 2d Dist. Montgomery No. 28075, 2019-Ohio-4365, ¶ 11.

{¶ 12} However, "once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of post-release control as a sanction for a particular offense after the defendant has already served the prison term for that offense. Although it is true that some other sanctions (such as restitution) may yet be outstanding, a sentence served is a sentence completed." *Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18.

{¶ 13} As previously stated, Donley's 36-month sentence in Case No. 2014-CR-2391 was ordered to be served concurrently to his ten-year sentence in Case No. 2014-CR-1142. The trial court imposed the sentences on March 18, 2015. Therefore, Donley's 36-month sentence in Case No. 2014-CR-2391 has been completed, and the trial court no longer has jurisdiction to impose a correct term of post-release control. *See State v. Johnston,* 2d Dist. Montgomery No. 26620, 2015-Ohio-4716, ¶ 17. Simply put, since Donley has served the entire sentence for his having weapons while under disability

convictions in Case No. 2014-CR-2391, the only remedy available is to vacate the portion of the sentence imposing post-release control. *See State v. Taylor*, 2d Dist. Montgomery No. 26500, 2015-Ohio-3510, ¶ 13 (citing *Holdcroft*, we found that the court's error in imposing post-release control rendered only that portion of appellant's sentences for felonious assault void; the court corrected the error by issuing nunc pro tunc entries vacating the prior sentences of post-release control, because appellant had already served the sentences imposed for those offenses). Thus, we direct the trial court to issue an entry in Case No. 2014-CR-2391 vacating the portion of Donley's sentence imposing post-release control.

{¶ 14} Notably, the trial court ordered that Donley's sentence in Case No. 2014-CR-3312 be served consecutively to his ten-year sentence in Case No. 2014-CR-1142. Thus, Donley has not yet served his sentence for illegal conveyance in Case No. 2014-CR-3312. Therefore we direct the trial court to enter a nunc pro tunc entry imposing the correct term of post-release control of "up to three years" pursuant to R.C. 2967.28(C) in Case No. 2014-CR-3312, which will be served concurrently with the five year term of post-release control imposed in Case No. 2014-CR-1142. R.C. 2967.28(F)(4)(c); *see Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, 913 N.E.2d 442, ¶ 1.[3]

{¶ 15} Donley's first assignment of error is sustained in part and overruled in part.

{¶ 16} Donley's second and final assignment of error is as follows:

TRIAL COURT ABUSED ITS DISCRETION WHEN IT ERRONEOUSLY

DETERMINED THAT APPELLANT'S JUDGMENT ENTRY WAS A FINAL

---

[3] "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. * * * " R.C. 2967.28(F)(4)(c).

APPEALABLE ORDER.

{¶ 17} In his second assignment of error, Donley argues that his judgment entry of conviction was not a final appealable order because "it was void for failing to include the statutorily required mandatory term of post-release control."

{¶ 18} At Donley's sentencing hearing, the trial court informed him that if he violated any post-release control sanction or any law while on post-release control supervision, the parole board could put him "back in the prison for up to one-half this prison sentence and on top of the original prison sentence." Tr. 555.    The trial court also advised Donley that if he committed a new felony while on post-release control, "then what can happen is that in addition to being convicted and sentenced on the new felony, the judge in that new felony case could add on to a new prison sentence in addition to any underlying sentence that you're convicted and sentenced on." *Id.*

{¶ 19} In light of the foregoing, we find that Donley was adequately informed of the consequences of violating the terms of his post-release control supervision with respect to his convictions and sentences in Case Nos. 2014-CR-1142, 2014-CR-2391, and 2014-CR-3312. *Johnston,* 2d Dist. Montgomery No. 26620, 2015-Ohio-4716, at ¶ 17. Therefore, the judgment entries of conviction constituted final appealable orders and were not void in their entirety.    Donley's second assignment of error is overruled.

{¶ 20} As previously stated, because the trial court misstated the post-release control sanction in Case Nos. 2014-CR-2391 and 2014-CR-3312, only that portion of those sentences was void.    Donley is entitled to a nunc pro tunc entry imposing the correct term of post-release control of "up to three years" in Case No. 2014-CR-3312 and an order in Case No. 2014-CR-2391 vacating the portion of Donley's sentence imposing

post-release control.

{¶ 21} In all other respects, the judgments of the trial court in Case Nos. 2014-CR-3312 and 2014-CR-2391 are affirmed.   The judgment is Case No. 2014-CR-1142 is also affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

HALL, J., concurs:

{¶ 22} I agree that Donley's post-release control, where multiple sentences were imposed, is controlled by the mandatory five-year post-release control properly imposed in Case No. 2014-CR-1142 for a first-degree felony.

{¶ 23} I also agree that, with respect to post-release control in Case No. 2014-CR-2391, which was not explicitly stated in terms of "up to three years" (R.C. 2967.28(C)), it cannot be re-imposed because Donley has served that sentence. However, given that he has served that sentence and remains in prison for other sentences, the inaccurate post-release control for that conviction is superfluous.

{¶ 24} With regard to the other three-year post-release control in Case No. 2014-CR-3312, which also was not explicitly stated in terms of "up to three years" (R.C. 2967.28(C)), because that sentence has not yet been served, that three-year post-release control sentence can be corrected by a nunc pro tunc entry. Nevertheless, one could conclude that correcting this inaccuracy is unnecessary because the five-year post-release control sentence for Case No. 2014-CR-1142 will be controlling upon Donley's release from prison. Furthermore, none of the remaining convictions have been reversed or modified, as Donley's direct appeal affirmed those convictions, and we also denied his

application to reopen several years ago.

{¶ 25} Despite my misgivings about the necessity for the trial court to correct the entries, I am not opposed in this case to clarifying post-release control for the benefit of ODRC calculations.

Copies sent to:

Mathias H. Heck, Jr.
Heather Ketter
Isreal Donley
Hon. Dennis J. Adkins